Aboh" Steuee, J.
Motion for a temporary injunction. Plaintiff has a proprietary lease of apartment 12A in the apartment house located at 2 East 70th Street. The apartment immediately above hers was purchased by the defendant Steele. This defendant is remodeling his apartment. It is in connection with this operation that the injunction is sought.
There is no question that the defendant has the right to remodel his apartment. Nor can there be any serious question that this work must be carried on in a manner that does not unduly interfere with his neighbors’ right to peaceful enjoyment of their own premises. What constitutes an undue interference depends on the circumstances of each particular case and general rules cannot be laid down (McCarty v. Natural Carbonic Gas Co., 189 N. Y. 40). It is beyond dispute that repairs in one apartment may, and if they be extensive, do, cause some annoyance to the occupants of nearby apartments. To the extent that this annoyance does not cause serious harm and is of reasonably short duration, a balance of necessities and conveniences ordains that the neighbors are without redress and must accept the situation as one of the penalties of living in that particular type of urban dwelling. However, the annoyance can reach a degree that entitles the sufferer to relief. This relief may take the form of regulating the time of work and manner of performance or even of limiting it. All of this is tacitly recognized by all parties and the questions presented really come down to what is feasible.
The work done here is not the usual remodeling job. A major portion of the interior, including walls and a stairway, have been torn out; the roof has been replaced; portions of the exterior walls and windows have been removed and are being or will be replaced. The work started in June, 1956 and about a quarter of it remains to be done. After that floors must be laid and plastering and painting will then complete the job. So it is apparent that the inconvenience that plaintiff will be put to, in addition to what has passed, is no trivial or momentary affair. The laying of parquet floors, lightly glossed over in the opposing affidavit, is for a person having to live beneath it, one of the more exquisite types of torture that our civilization has produced. The resemblance to the sensations induced by exposure to a dentist’s drill becomes hourly closer. From this plaintiff is entitled to all the protection that a reasonable regard for the rights of defendants will allow.
In this sitUatioti defendants have shown a high degree of good faith. They offered to postpone the work for a reason *372 able period when most people in plaintiff’s circumstances are out of the city. Alternatively, they offered to pay a reasonable sum to enable plaintiff to take quarters at a hotel or to visit a vacation resort during the period. Both of these offers were refused. As indicated, they show good faith, but confer no rights. Plaintiff has a perfect right to remain in her home if she so chooses and to remain there without undue molestation. It is also claimed that plaintiff is the only person who has made complaint. If a brick is thrown into an assemblage it is not much of a defense to assert that the only person who complained was the one who was hit.
In accordance with the above, the order may provide that the hours of work shall be between 9:00 a.m. and 5:00 p.m. from Monday through Friday. All reasonable precautions to minimize noise, vibration and dirt shall be maintained. In the event of undue disturbance from any particular operation, plaintiff may apply at the foot of the order for specific relief therefrom.